**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-

ZAKERY ANTHENY KLOPCIC

     Plaintiff,

v.

APLB, LLC

     Defendant.

---

**COMPLAINT**

---

     Plaintiff Zakery Antheny Klopcic ("Plaintiff" or "Mr. Klopcic"), by and through his attorney, as and for his complaint against Defendant APLB, LLC ("Defendant"), alleges as follows:

**I. CLAIM**

     1.    Mr. Klopcic, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, et seq. ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

     2.    Defendant refused to provide Mr. Klopcic and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves Sports Healing Massage. At the Wheat Ridge location, there is no ADA-compliant van-accessible space on the shortest access route to the main entrance. There is no disabled parking.

     Based on these facts, Defendant has denied Mr. Klopcic the ability to enjoy the

1

goods, services, facilities, privileges, advantages, and accommodations at Sports Healing Massage.

## II. JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Wheat Ridge, Colorado, where the Sports Healing Massage business is located.

## III. PARTIES

5.    Plaintiff Zakery Antheny Klopcic is a resident of Golden, Colorado. Mr. Klopcic has a disability, as established by the Federal government. Mr. Klopcic has a disabled placard on his vehicle and a disability identifier on his driver's license, as issued by the State of Colorado. Mr. Klopcic has significant mobility impairments and uses assistive devices for mobility. He is a "qualified individual with a disability" within the meaning of ADA Title III.

6.    Defendant APLB, LLC owns, manages, controls, and leases the improvements and building where the Sports Healing Massage is situated. The address of Sports Healing Massage is 6500 West 44th Avenue, Wheat Ridge, Colorado 80033. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7.    Defendant APLB, LLC is the owner of the property. Defendant is a

domestic limited liability company. Defendant can be served process via service to its Registered Agent: Lora Eiswerth-Cox at 6500 West 44th Avenue, Wheat Ridge, Colorado 80033.

## IV. FACTUAL BACKGROUND

8.      Sports Healing Massage is a business establishment and place of public accommodation in Wheat Ridge, Colorado. Sports Healing Massage is situated on real estate, property, and improvements owned, controlled, managed, and leased out by APLB, LLC.

9.      Sports Healing Massage is not accessible to disabled individuals because it has zero ADA-compliant van-accessible parking spaces near the main entrance. At the Wheat Ridge location, there is no ADA-compliant van-accessible space (96" space with 96" side access aisle) on the shortest access route to the main entrance. There is no disabled parking.

10.     Pictures taken at the location prove this:



Sports Healing Massage business in Wheat Ridge, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



Sports Healing Massage business in Wheat Ridge, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



Sports Healing Massage business in Wheat Ridge, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



Sports Healing Massage business in Wheat Ridge, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.

11.     The Plaintiff went to Sports Healing Massage property in October of 2022.

12.     In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff is a resident of Golden, Colorado, and intends to return to Sports Healing Massage. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected by not being able to safely access the location. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in his area.

13.     Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14.     The Defendant's Wheat Ridge location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendant must have <u>one</u> ADA-compliant van-accessible space (96" wide with 96" side access aisle) with a sign. This space must be located on the shortest accessible route to the main entrance of the business. *See* pictures above**.**

15.     At the Wheat Ridge location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There is no disabled parking on the property whatsoever.

16.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for over 30 years. This is a blatant violation of the ADA.

## V. CLAIM FOR RELIEF - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

17.     Plaintiff repleads and incorporates by reference, as if fully set forth at length herein, the allegations contained in all prior paragraphs of this complaint.

18.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a.     A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix D.

c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to

the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19.     Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, Defendant must have at least <u>one</u> ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance.

20.     Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA. At the Wheat Ridge location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There is no disabled parking on the property whatsoever.

## VI. RELIEF REQUESTED

<u>Injunctive Relief</u>

21.     Mr. Klopcic will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

Declaratory Relief

22.     Mr. Klopcic is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

23.     The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorney's Fees and Costs

24.     Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## VII.  PRAYER FOR RELIEF

THEREFORE, Mr. Klopcic respectfully requests this Court award the following relief:

A.      A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. Klopcic and those similarly situated, in violation of the law;

B.      A declaratory judgment that Defendant's actions are a violation of the ADA;

C.      Find that Mr. Klopcic is the prevailing party in this action, and order Defendant liable for Plaintiff's attorney's fees, costs, and litigation expenses; and,

D.      Grant such other and additional relief to which Plaintiff may be entitled in

this action.

DATED: February 27, 2023       Respectfully,

By:   <u>/s/ R. Bruce Tharpe</u>
       **R. Bruce Tharpe**

       **LAW OFFICE OF**
       **R. BRUCE THARPE, PLLC**
       PO Box 101
       Olmito, TX 78575
       Telephone: (956) 255-5111
       E-mail: rbtharpe@aol.com
       Questions@BruceTharpeLaw.com
       Admitted in Colorado

       ATTORNEY OF RECORD FOR
       PLAINTIFF ZAKERY ANTHENY
       KLOPCIC